UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICARDO LUCIANO LUGO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 04-90-B-W |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

REPORT AND RECOMMENDED DECISON[1]

This plaintiff in this Supplemental Security Income ("SSI") appeal contends that the administrative law judge failed to consider properly his assertions of pain, which resulted in an improper determination of his residual functional capacity for work, and made a finding concerning his credibility that lacks support in the evidence. [2] I recommend that the court affirm the decision of the commissioner.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1982), the administrative law judge found, in relevant part, that the plaintiff suffered from disorders of the back and low back

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on May 19, 2005, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

[2] At oral argument, counsel for the plaintiff stated that the plaintiff had abandoned his claim that the administrative law judge erred in finding that his back condition did not meet or equal the criteria of any impairment included in Appendix 1 to Subpart P of 20 C.F.R. (*continued on next page*)

syndrome, impairments that were severe but did not meet the criteria of any impairment included in the Listings, Findings 2-3, Record at 24; that the plaintiff's allegations concerning his limitations were not totally credible, Finding 4, *id*.; that he retained the residual functional capacity to perform work at the light exertional level, Finding 5, *id*.; that he was unable to return to his past relevant work, the exertional level of which is classified in a range from medium to very heavy, Findings 6-7, *id*.; that given his age (25, a "younger individual"), education (high-school equivalent), and residual functional capacity for a significant range of light work, use of Rule 202.21 from Appendix 2 to Subpart P, 20 C.F.T. Part 404 (the "Grid") as a framework would result in a finding that there are a significant number of jobs in the regional and national economies that the plaintiff could perform, Findings 9-12, *id*. at 24-25; and that the plaintiff therefore was not under a disability as that term is defined in the Social Security Act at any time through the date of the decision, Finding 13, *id*. at 25. The Appeals Council declined to review the decision, *id*. at 9-12, making it the final determination of the commissioner, 20 C.F.R. § 415.1481; *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.,* 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Richardson v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her

---

Part 404 (the "Listings").

past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

### Discussion

The plaintiff contends that the administrative law judge did not evaluate his assertions of pain correctly and that this led the administrative law judge to fail to include consideration of his pain when assigning a residual functional capacity (RFC) to the plaintiff at Step 5 of the sequential review process.  Statement of Errors at 3-4, 7-8.  He argues that "the ALJ failed to explain how individual [Social Security Ruling]  96-7p factors related to the medical evidence."  *Id*. at 4.  That ruling deals with assessing the credibility of a claimant's statements.  Social Security Ruling 96-7p ("SSR 96-7p"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004), at 133.  The relevant regulation is 20 C.F.R. § 416.929, which requires that there be evidence of a medically determinable impairment that could reasonably be expected to produce the alleged pain and lists the steps for evaluating claims of pain once such an impairment has been found.  20 C.F.R. § 416.929(b) & (c).

The plaintiff concedes that the administrative law judge mentioned SSR 96-7p in his opinion,[3] Statement of Errors at 4, but contends that the administrative law judge did not actually consider the requirements of that Ruling or of the applicable regulation in reaching his decision. The administrative law judge did perform an analysis of the plaintiff's alleged pain, which the plaintiff described as "severe pain in my back, the cramps, they go all the way down my legs."  Record at 37.[4]

---

[3] The administrative law judge also mentioned the applicable regulation.  Record at 22.  The statement of errors erroneously refers to 20 C.F.R. § 404.1529.  Statement of Errors at 3.

[4] The plaintiff also testified that he could not "do much heavy lifting," although he did not say that this was due to pain.  Record at 37, (*continued on next page*)

The administrative law judge noted that the plaintiff had been hit by a car while riding a bicycle in 1997, *id*. at 19, which the plaintiff apparently identified as the source of his back pain, *id*. at 46; that none of the medical records showed any complaint of back pain until November 1999, when the plaintiff was diagnosed with a lumbar strain, *id*. at 19; that a treating physician in January 2000 diagnosed chronic lumbar strain and prescribed Oxycontin, which helped to alleviate the pain, although the plaintiff had no neurological symptoms, *id*. at 20; that an MRI taken in February 2000 was normal, *id*.; that a consulting examiner who saw the plaintiff in July 2000 noted physical findings inconsistent with the claims of pain and concluded that it was unlikely that the plaintiff had organic disease in his back, *id*.; that an osteopathic physician who treated the plaintiff from September 2000 through June 2001 described reasonably good clinical results form osteopathic manipulative therapy, *id*.; that the plaintiff failed to attend scheduled physical therapy appointments resulting in his discharge from the program in January 2000, *id*.; that when he was evaluated by a physical therapist in February 2000 the plaintiff showed limitation only in the range of motion of his lumbar spine, and acknowledged that all of his x-rays and his MRI had come back negative, *id*.; that in a March 26, 2002 appointment, his last with the plaintiff, a treating physician noted some mild to moderate distress due to back pain and the normal x-rays and MRI, *id*. at 21; that the medical expert who testified at the hearing stated that no Listing was met or equaled, *id*. at 22; that the plaintiff took only Tylenol as needed, *id*.; and that a medical examination by C. Smith, M.D., found that the plaintiff was able to work, as did the medical expert who testified, *id*.  The administrative law judge then found that the plaintiff's capacity for light work was "diminished by non-exertional limitations caused by his combination of back pain and depression which somewhat reduce his capacity for sustained

---

38, 42.

concentration." *Id.* at 23.  This analysis is sufficient to support the administrative law judge's findings concerning the plaintiff's pain.

The plaintiff asserts that "[t]he medical records consistently noted the claimants [sic] subjective pain complaints.  Pain medication has been prescribed and attendance at a pain clinic has been recommended."  Statement of Errors at 4.  Yet he offers no citations to the record in support of these assertions in his statement of errors.  At oral argument, counsel for the plaintiff identified page 381 of the record as the basis for this statement.  On that page, Timothy Poutre, M.D., states that "[t]he patient returns to the Pain Clinic today" and describes "conservative therapy" that was provided, including an "epidural blood patch."  This is the record of a single instance of treatment; it does not demonstrate a consistent pattern of pain complaints.

The record contains numerous statements by treating, examining and non-examining physicians to the effect that the plaintiff is able to work and that there is no medical basis for the degree of pain he reports.  Record at 120, 122 (7/18/00 DDS RFC assessment by non-examining physician finding no limitations and stating that symptoms reported by plaintiff are inconsistent with medical evidence); 141-48 (10/16/00 DDS RFC assessment; no limitations); 215 (7/13/00 consulting examination, finding plaintiff able to do all work-related activities); 433-35 (11/7/02 consulting examining physician report, plaintiff able to do all work-related activities); 455-57 (12/12/02 DDS RFC assessment by non-examining physician finding no limitations); 477-79 (4/18/03 DDS RFC assessment, same).  A chiropractor, who is not an acceptable medical source, 20 C.F.R. § 416.913(a), opined on June 14, 2000 that the plaintiff was "not able to perform any type of working activities," *id*. at 202, and Roger Pelli, D.O., after examining the plaintiff, stated that it was "premature" as of October 2000 "to decide whether this person ought to be disabled," id. at 226, but the administrative law judge is entitled to weigh conflicting medical opinions and choose that position which he or she finds is best supported in

5

the medical evidence.  There is certainly enough medical evidence in this record to support the administrative law judge's decision to consider pain only as "somewhat" reducing the plaintiff's capacity for light work due to its effect on his capacity for sustained concentration.  In addition, the plaintiff testified at the hearing that he only took Tylenol for his back pain and had not seen his treating physician, Dr. Pelli, for seven or eight months or longer before the hearing.  Record at 38-39.  The medical expert noted a second negative MRI in July 2001, and the records of the most recent treating medical professional, whose opinion was that the plaintiff could do all work activities.  *Id*. at 49.  There is no error in the administrative law judge's treatment of the plaintiff's assertions concerning pain.

The plaintiff's argument concerning the RFC assigned at Step 5 is based primarily on his contentions concerning the treatment of his allegations of pain by the administrative law judge.  Statement of Errors at 7-8.  The only new argument raised in this section of the plaintiff's statement of errors is that the administrative law judge failed to comply with 20 C.F.R. § 416.927(d)(2) and Social Security Ruling 96-02p.[5]  *Id*.  He relies on the reports of a chiropractor and Dr. Pelli.  This argument ignores the fact that the chiropractor's report can serve only as information from an "other source" to show the severity of an impairment and how it affects the ability to work.  20 C.F.R. § 416.913(d).  Contrary to the plaintiff's argument, Statement of Errors at 7-8,  the chiropractor's report does not "get[] special precedence over other medical evidence."  The statement of errors does not identify where in the record Dr. Pelli described the plaintiff's back pain in a manner that would

---

[5] The statement of errors erroneously refers to 20 C.F.R. § 404.1527(d)(2).

require the administrative law judge to "offer a legitimate basis for refusing to adopt the treating physician's views." *Id*. at 8. Dr. Pelli did state that he found it likely that the plaintiff would have to "be retrained into a skill that does not require tremendous physical labor since he will probably have chronic pain, based on the fact that he has been this way for three years now," Record at 226 (date 10/2/00), but his records also show that as of March 26, 2002 the plaintiff had "good results" from osteopathic manipulation and would return "in one month at his request," an appointment which the plaintiff did not keep, *id*. at 480. The administrative law judge referred to this note in his opinion. *Id*. at 21. There is no record of further treatment by Dr. Pelli, and the plaintiff testified at the hearing on December 3, 2003 that it had been eight months or more since he saw Dr. Pelli, *id*. at 38-39. Under these circumstances it would have been an empty exercise for the administrative law judge to expressly address each of the factors listed in 20 C.F.R. § 416.927(d) because the treating relationship appeared to have been terminated (§ 416.927(d)(2)), the frequency of examination was none (*id*.), and any inferences about the plaintiff's pain that may reasonably be drawn from Dr. Pelli's records that are inconsistent with the medical opinions listed above need not be credited by the administrative law judge. In addition, Dr. Pelli's opinion that the plaintiff could be retrained for work different from that which he had done in the past undermines any interpretation of the rest of Dr. Pelli's records to support the plaintiff's claims of totally disabling pain.

Finally, the plaintiff contends that the administrative law judge's finding concerning the plaintiff's credibility lacks "substantial support." Statement of Errors at 4-7. I have already concluded that the administrative law judge complied sufficiently with the requirements of SSR 96-7p. The plaintiff asserts that the administrative law judge erroneously "concluded that Mr. Lugo was *currently seeking* a professional football career and the requisite high level of athleticism was inconsistent with being disabled." *Id*. at 6 (emphasis in original). The administrative law judge's

opinion includes the statement "Mr. Lugo claimed that he was seeking a pro football career." Record at 22.  A conclusion that the administrative law judge thereby was stating that the plaintiff currently sought a professional football career and that he therefore concluded that the plaintiff retained a "high level of athleticism" may not reasonably be drawn from the opinion.  It is also clear from the transcript of the hearing that the administrative law judge knew that the plaintiff had only been considering such a career before his bicycle accident.  *Id.* at 42.

The only other specific point raised by the plaintiff concerning the evaluation of his credibility, Statement of Errors at 6, is the following sentence in the administrative law judge's opinion: "He said that he can't lift anything but admitted that he moved to Caribou yesterday," Record at 22.  As the plaintiff points out, his testimony was that his participation in the move consisted of carrying "[j]ust basically pillows, not the heavy stuff." *Id.* at 48.  Even if the administrative law judge's observation about this testimony is erroneous, his overall evaluation of the plaintiff's credibility complies with the requirements of SSR 96-7p and *Avery v. Secretary of Health & Human Servs.*, 797 F.2d 19, 25 (1st Cir. 1986).

### Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.


### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of May, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge